IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | |
|---|---|
| JO ANN JOHNSON, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>GEICO CASUALTY COMPANY, )<br>(Serve:  Director of Insurance )<br>        301 W. High Street )<br>        Jefferson City, MO 65102) )<br> )<br>Defendant. ) | CAUSE NO. _____ |

## PETITION

COMES NOW Plaintiff, Jo Ann Johnson, by and through her attorneys, Edmundson, Richardson, Innes and Warren, and for her cause of action against the Defendant states to the Court as follows:

## COUNT I

1. Plaintiff Jo Ann Johnson is and was at all times relevant hereto a resident of Carter County, Missouri.

2. Defendant is an insurance corporation duly authorized and licensed to do business as an insurance company in the State of Missouri, and maintains an office or agent for the transaction of its usual and customary business in Butler County, Missouri.

3. Defendant issues its policies of insurance and has agents for the conduct of its business, and the loss occurred in Butler County, Missouri. Venue is proper in this circuit pursuant to V.A.M.S. §508.040.

4. At all times relevant hereto, Plaintiff was the owner and had a special property interest in, and the right to use and possession of two motor vehicles described as a 1998 Chevrolet truck and a 2003 Ford Windstar.



5. That Plaintiff, for money paid, was the named insured of the motor vehicles described as a 1998 Chevrolet truck and a 2003 Ford Windstar, under a policy of insurance issued by Defendant, insuring against damage caused by underinsured motorists, with a policy limit of $50,000.00 for each vehicle, for a total Policy Limits of $100,000.00.

6. That on or about July 26, 2013, while said policy remained in full force and effect, Plaintiff was injured in an automobile vs. pedestrian accident which was the fault of an underinsured third party. The bodily injury to Plaintiff is within the coverage of the abovementioned policy.

7. The total amount of medical costs incurred by Plaintiff for the bodily injury is $177,284.18.

8. Plaintiff made a report of the loss and a proof of loss to Defendant, and has complied with all conditions precedent pursuant to the abovementioned policy.

9. That the Defendant has failed to act in good faith and fair dealing and has refused to pay the Policy Limits available under the abovementioned policy for the bodily injury of Plaintiff.

10. Defendant's refusal to act in good faith was without just cause or excuse, was unreasonable as the facts would appear to a reasonable person at that time, was based on incorrect reasons, and the matters alleged for denial of payment of Policy Limits coverage were immaterial and were not in fact relied on by Defendant in denying payment of Policy Limits.

11. Defendant's refusal and delay are unreasonable, vexatious, and without reasonable cause and, therefore, pursuant to V.A.M.S. §375.296 and V.A.M.S. §375.420, Defendant is liable for interest from and after the date of submission of claim, penalties as provided by statute, costs of suit, and reasonable attorney's fees for vexatious refusal to pay.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant for damages relating to Plaintiff's bodily injury in an amount to be proven at trial, but is expected to exceed

$100,000.00; for costs and attorney's fees expended herein, and for such other and further relief this Court deems just and proper.

## COUNT II

12. Plaintiff restates and reincorporates herein each and every paragraph in Count I of this Petition.

13. Despite reasonable demand, Defendant has failed and refused to pay the Policy Limits for Plaintiff's covered losses, in breach of the policy and to Plaintiff's injury.

14. Defendant's refusal and delay are unreasonable, vexatious, and without reasonable cause and, therefore, pursuant to V.A.M.S. §375.296 and V.A.M.S. §375.420, Defendant is liable for interest from and after the date of submission of claim, penalties as provided by statute, costs of suit, and reasonable attorney's fees for vexatious refusal to pay.

WHEREFORE, Plaintiff prays for judgment against the Defendant, prejudgment interest and interest at the legal rate, statutory penalties for vexatious refusal to pay, attorney's fees, the costs of this action, and for such other and further relief as the Court shall deem just and proper.

Respectfully Submitted,

EDMUNDSON, RICHARDSON, INNES & WARREN
Attorneys at Law

BY: /s/ Kyle L. Warren
Kyle L. Warren #57654
Post Office Box 1049
Poplar Bluff, Missouri 63902-1049
Telephone # 573/785-6416
Fax # 573/785-2130
E-mail: Kyle@edmundsonlawfirm.com

ATTORNEYS FOR PLAINTIFF

3